UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN YBARRA,<br><br>　　　　　　　　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Respondent. | Case No.:  18-cv-1825-BEN<br>　　　　　　　13-cr-4515(1)-BEN<br><br>**ORDER** |

Movant has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  The motion is denied.

BACKGROUND

On September 9, 2014, Juan Ybarra pled guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846.  In his plea agreement, he agreed to waive "to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order."  Plea Agmt. § XI.  Nearly four years later, on August 3, 2018, Ybarra filed the instant motion, seeking to collaterally attack and vacate his conviction and sentence.  Ybarra contends that despite

1

only pleading guilty to conspiracy to distribute methamphetamine, his conviction and sentence should be set aside because he was not "informed of the degree of force/injury/harm to another that constitutes a violent crime."

## LEGAL STANDARD

Under section 2255, a movant is entitled to relief if the sentence: (1) was imposed in violation of the Constitution or the laws of the United States; (2) was given by a court without jurisdiction to do so; (3) was in excess of the maximum sentence authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005). If it is clear the movant has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). That is the case here.

## DISCUSSION

A one-year period of limitation applies to a motion under section 2255(f) which runs from the date the judgment of conviction becomes final. Movant was sentenced on February 17, 2015 and Judgment was entered the same day. There was no appeal. Movant filed the instant motion on August 3, 2018, well beyond the one-year statute of limitations period. Movant has not asserted any exception applies to justify a delay in filing the motion. Accordingly, the motion is time-barred and dismissed.

Alternatively, the motion is denied because Movant validly waived his right to collaterally attack his sentence. The record discloses no issues as to the voluntariness of Movant's plea.

Moreover, contrary to his contentions, his sentence was not unconstitutionally enhanced under *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). *Dimaya* concerned an alien deportation proceeding under the Immigration and Naturalization Act and played no part in Movant's conviction or sentencing.

Additionally, Movant contends that his crime of violating section 841(a) required as an element a substantial risk of physical injury against a person or a resulting serious

bodily injury. Because his crime did not involve the use of force, he believes he misunderstood the crime to which he pleaded guilty. Movant is incorrect. While serious bodily injury can affect the statutory sentencing range, it is not an element of the crime.

Although movant does not mention it, the Court notes that the PSR calculated the Guideline range as 292 to 365 months. The Government calculated the Guideline range as 188 to 235 months. Movant calculated the Guideline range as 130 to 162 months. All agreed that Movant's criminal history score was 18 and criminal history category VI because of his extensive criminal history. This Court sentenced Movant to 211 months, which was below the low end as calculated by the Probation Department and in the middle of the range as calculated by the government.

As there are no arguable grounds as to whether Movant's sentence is illegal, the Court enforces the collateral attack waiver. *Ruiz-Diaz*, 668 F. App'x at 290 (citing *United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009)). Alternatively, Movant's motion is denied on the merits.

## CONCLUSION

Movant requests appointment of counsel to assist him. However, Movant's claim is time-barred and impermissible due to his collateral attack waiver and these issues cannot be remedied by appointment of counsel. Therefore, the request for counsel is denied. Movant also seeks to supplement his motion and includes the proposed supplement. See Doc. 121. The motion is granted.

The Motion to Vacate, Set Aside, or Correct Sentence is DENIED.

///
///
///
///
///
///
///

///

No Certificate of Appealability

A court may issue a certificate of appealability where the movant has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. See *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Movant has not made the necessary showing. A certificate of appealability is therefore DENIED.

IT IS SO ORDERED.

DATED: May 1, 2020

_____
HON. ROGER T. BENITEZ
United States District Court Judge